**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

David T. Veale
Leasha Veale


          v.                                    Civil No. 06-cv-419-PB


Robert T. Furness, DVM
Apple Tree Animal Hospital


**REPORT AND RECOMMENDATION**


     Before the Court is David Veale's complaint against

veterinarian Robert Furness and the Apple Tree Animal Hospital,

alleging state and federal constitutional violations, as well as

state tort claims, arising out of the death of Veale's dog,

Leasha.[1]  As Veale is proceeding pro se and in forma pauperis,

the matter is before the Court for preliminary review to

determine whether, among other things, it states any claim upon

which relief might be granted and whether it properly invokes the

subject matter jurisdiction of this Court.  See United States

---

     [1]Leasha is named as a plaintiff in this case.  Leasha is the
deceased dog of David Veale.  Because a deceased dog cannot be a
plaintiff in a federal civil action, the complaint will be
considered to have been filed only by David Veale for all
purposes.

District Court for the District of New Hampshire Local Rule

("LR") 4.3(d)(1)(B).

Standard of Review

Under this Court's local rules, when a plaintiff commences

an action pro se and in forma pauperis, the magistrate judge is

directed to conduct a preliminary review and to, if appropriate:

> report and recommend to the court that the filing be
> dismissed because the allegation of poverty is untrue,
> the action is frivolous or malicious, fails to state a
> claim upon which relief may be granted, or seeks
> monetary relief against a defendant who is immune from
> such relief under 28 U.S.C. § 1915e(2); or it fails to
> establish subject matter jurisdiction under Fed. R. Civ.
> P. 12(b)(1).

LR 4.3(d)(1)(B)(i).  In conducting the preliminary review, the

Court construes pro se pleadings liberally.  See Ayala Serrano v.

Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following

Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se

pleadings liberally in favor of the pro se party).  "The policy

behind affording pro se plaintiffs liberal interpretation is that

if they present sufficient facts, the court may intuit the

correct cause of action, even if it was imperfectly pled."  Ahmed

v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied,

Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions
made by the plaintiff and inferences reasonably drawn therefrom
must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3
(1st Cir. 1996) (stating the "failure to state a claim" standard
of review and explaining that all "well-pleaded factual
averments," not bald assertions, must be accepted as true).  This
review ensures that pro se pleadings are given fair and
meaningful consideration.  See Eveland v. Dir. of C.I.A., 843
F.2d 46, 49 (1st Cir. 1988).

Background

David Veale, a Vermont resident, claims that on November 6,
2003, Robert Furness, a veterinarian in New Hampshire, euthanized
Veale's dog without Veale's knowledge or consent.  Veale alleges
that the dog was mentally and physically healthy when it was
wrongfully brought to Furness' veterinary practice, and that
Furness subsequently euthanized the dog.  Veale alleges that the
euthanization of his dog was unnecessary and wrongful.

Veale alleges that as a result of Furness' actions, he was
improperly deprived of his property and the relationship he
anticipated with his dog for the remainder of the dog's life.
Without explanation, Veale also alleges that as a result of the

3

death of his dog, Veale lost relationships with his immediate family members, including his parents.  Veale alleges that Furness and his veterinary practice are liable for damages under a variety of state tort theories as well as under the state and federal constitutions.  Specifically, Veale alleges claims of negligence, malpractice, wrongful death,[2] and violations of the state and federal constitution.

### Discussion

1.   State Tort Claims

To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action either involves a federal question, or involves citizens from different states and an amount in controversy in excess of $75,000.  See 28 U.S.C. §§ 1331 & 1332.  Here, Veale has alleged a number of state torts against Furness.  Reading the complaint indulgently, as I must, I find that Veale has alleged that Furness had a duty not to euthanize Veale's dog unnecessarily and without Veale's permission, and that Furness did in fact euthanize the dog unnecessarily and without Veale's knowledge or consent.  Veale

---

[2]To the extent Veale alleges an intentional tort, I find that the action is properly identified as the intentional destruction of property.

claims that Furness' wrongful acts were both intentional and
negligent.  To the extent that these claims are actionable, the
cause of action arises in New Hampshire tort law.  These claims
invoke the diversity jurisdiction of this Court as Veale and
Furness are domiciled in different states, and Veale alleges an
amount in controversy in excess of $75,000.  Accordingly, without
comment on the merits of these claims, I will direct that they be
served against the defendants in an Order issued simultaneously
with this Report and Recommendation.

2.   Constitutional Claims

The United States Constitution "erects no shield against
merely private conduct, however . . . wrongful."  Blum v.
Yaretsky, 457 U.S. 991, 1002 (1982).  A plaintiff claiming an
infringement of his federal civil rights by individual defendants
must establish that (i) the defendants deprived plaintiff of a
right secured by the Constitution or laws of the United States,
and that (ii) the defendants acted under "color of any statute,
ordinance, regulation, custom, or usage, of any State or
Territory of the District of Columbia."  42 U.S.C. § 1983; see
Andresen v. Diorio, 349 F.3d 8, 13 (1st Cir. 2003).  State action
is also an essential prerequisite to a finding of a violation of

the New Hampshire Constitution.  <u>HippoPress, LLC v. SMG</u>, 150 N.H.

304, 308 (2003) (citations omitted).

Veale claims that his rights under the New Hampshire and

United States Constitutions have been violated by Furness'

actions.  However, Veale has only alleged that Furness, a private

veterinarian, improperly euthanized Veale's dog.  Veale has not

alleged any facts indicating that Furness was acting under the

authority or color of state law, or that he could in any way be

considered to be a state actor.[3]  Accordingly, I find that the

federal and state constitutional claims against Furness and the

Apple Tree Animal Hospital do not invoke the subject matter

jurisdiction of this Court and I recommend that those claims be

dismissed from this action.  <u>See</u> Fed. R. Civ. P. 12(h)(3); LR

4.3(d)(1)(B)(i).

## Conclusion

In an Order issued simultaneously with this Report and

Recommendation, I direct that the diversity action claims

alleging that the defendants committed torts against Veale be

served on Furness and the Apple Tree Animal Hospital.  I

---

[3]Because I find that Veale has not alleged state action,
there is no reason to delve into an analysis of the validity of
the constitutional claims alleged.

recommend that the constitutional claims be dismissed from this action.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


James R. Muirhead
United States Magistrate Judge

Date:     January 5, 2007

cc:       David T. Veale, pro se