UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

David T. Veale
Leasha Veale

    v.                                                    Civil No. 06-cv-419-PB

Robert T. Furness, DVM
Apple Tree Animal Hospital

**O R D E R**

Before the Court is David Veale's complaint against veterinarian Robert Furness and the Apple Tree Animal Hospital, alleging state and federal constitutional violations, as well as state tort claims, arising out of the death of Veale's dog, Leasha.[1] As Veale is proceeding pro se and in forma pauperis, the matter is before the Court for preliminary review to determine whether, among other things, it states any claim upon which relief might be granted and whether it properly invokes the subject matter jurisdiction of this Court. See United States

---

[1] Leasha is named as a plaintiff in this case. Leasha is the deceased dog of David Veale. Because a deceased dog cannot be a plaintiff in a federal civil action, the complaint will be considered to have been filed only by David Veale for all purposes.

District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

As fully explained in the Report and Recommendation issued this date, and without comment on the merits of the claims raised in the complaint, I direct that the state tort claims, brought pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1331, be served on the defendants to this action.  I have recommended that all of the claims alleging state or federal constitutional violations be dismissed as this Court does not have subject matter jurisdiction over those claims.

My review of the file indicates that plaintiff has completed the necessary summons forms.  The Clerk's office is directed to issue the summonses against the defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document no. 3), the Report and Recommendation issued this date, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

The plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 5, 2007

cc:   David T. Veale, pro se